962 So.2d 302 (2007)
In re AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE.
No. SC07-1160.
Supreme Court of Florida.
July 12, 2007.
John Fraser Himes, Chair, Family Law Rules Committee, Tampa, FL, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Family Law Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to the Florida Family Law Rules of Procedure to conform the rules to recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
Under the Committee's "fast-track" procedure for considering new legislation, the Committee proposes new form 12.905(d) (Supplemental Petition for Temporary Modification/Amendment of Custody for Child(ren) of Custodial Parent Activated, Deployed, or Temporarily Assigned to Military Service) and an amendment to rule 12.070 (Process), with accompanying new form 12.913(c) (Affidavit of Diligent Search). The Executive Committee of The Florida Bar Board of Governors approved each of the Committee's proposals by a vote of 8-0.
The Committee's two proposals are in response to Chapters 2007-132 and 2007-85, Laws of Florida, respectively. Chapter 2007-132, section 1, Laws of Florida, creates new section 61.13002, Florida Statutes, prohibiting a court from modifying child custody during the time a parent is activated, deployed, or temporarily assigned to military service, except to issue a temporary modification order if it is in the best interests of the child. If a temporary order is issued, the statute requires that the court reinstate the previous custody judgment upon the parent's return from active service, deployment, or temporary assignment. Ch. 2007-132, § 1, Laws of Fla. New form 12.905(d) is specifically tailored to a temporary modification necessitated by a parent's military service.
Chapter 2007-85, section 1, Laws of Florida, amends section 49.011, Florida Statutes (2006) to allow service of process by publication on a legal father in a paternity action in which another man is alleged to be the biological father, in which case it is necessary to serve process on the legal father in order to establish paternity with regard to the alleged biological father. Chapter 2007-85, section 7 amends section 409.257, Florida Statutes (2006) to require that before such service of process may be made on a legal father in such a proceeding, the diligent search and inquiry requirements of section 63.088, Florida Statutes, must be satisfied by the petitioner, and the petitioner must "execute an affidavit of diligent search and file it with the court confirming each aspect of the diligent search enumerated in s[ection] 63.088(5) and specifying the results." However, chapter 409 applies only to actions brought by the Department of Revenue. Accordingly, the Committee states that an amendment to rule 12.070 (Process) is necessary to make the diligent search and inquiry requirements applicable to both the Department of Revenue and other petitioners who file actions to establish paternity when the proceedings may result in termination of the legal father's parental rights. In conjunction with the amendment to rule 12.070, the Committee also proposes new form 12.913(c) (Affidavit of Diligent Search) to provide a *303 form affidavit meeting the requirements of section 63.088, Florida Statutes.
After considering the Committee's proposals and reviewing the relevant legislation, we amend Florida Family Law Rule 12.070 and adopt new forms 12.905(d) and 12.913(c) as reflected in the appendix to this opinion. As for amended rule 12.070, new language is underlined, and deleted language is struck-through. The new forms are fully engrossed and ready for use. New form 12.905(d) is adopted as a Florida Supreme Court Approved Family Law Form. New form 12.913(c) is adopted as a Florida Family Law Rules of Procedure Form.
These amendments shall become effective immediately upon the release of this opinion. However, because the Court did not publish the amendments for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1]
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 12.070. PROCESS
(a) Service of Initial Process. Upon the commencement of all family law actions, including proceedings to modify a final judgment, service of process shall be as set forth in Florida Rule of Civil Procedure 1.070.
(b) Summons. The summons, cross-claim summons, and third-party summons in family law matters shall be patterned after Florida Family Law Rules of Procedure Form 12.910(a) and shall specifically contain the following language:
WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.
(c) Constructive Service. (For constructive service of process, an affidavit of diligent search and inquiry, in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.
(1) For constructive service of process on the legal father in any case or proceeding to establish paternity which would result in termination of the legal father's parental rights, the petitioner shall file an affidavit of diligent search and inquiry that conforms with Florida Family Law Rules of Procedure Form 12.913(c). If the legal father cannot be located, he shall be served with process by publication in the manner provided by chapter 49, Florida Statutes. The notice shall be published in the county where the legal father was last known to have resided. The clerk of the circuit court shall mail a copy of the notice to the legal father at his last known address.
*304 (2) For constructive service of process in all other cases, an affidavit of diligent search and inquiry in substantial conformity with Florida Family Law Rules of Procedure Form 12.913(b), must be filed.
(d) Domestic, Repeat, Dating, and Sexual Violence Proceedings. This rule does not govern service of process in domestic, repeat, dating, and sexual violence proceedings.
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d), SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION/AMENDMENT OF CUSTODY FOR CHILD(REN) OF CUSTODIAL PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE

When should this form be used?
This form should be used when a parent seeks a temporary modification of custody because the custodial parent is activated, deployed, or temporarily assigned to military service.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original with the clerk of the circuit court in the county where you live and keep a copy for your records.

What should I do next?
For your case to proceed, you must properly notify the other party in your case of the supplemental petition. If you know where he or she lives, you should use personal service. If you absolutely do not know where he or she lives, you may use constructive service. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see Notice of Action for Dissolution of Marriage, Florida Supreme Court Approved Family Law Form 12.913(a), and Affidavit of Diligent Search and Inquiry, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, Memorandum for Certificate of Military Service, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.
If personal service is used, the other party has 20 days to answer after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:
DEFAULT . . . If after 20 days, no answer has been filed, you may file a Motion for Default, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
UNCONTESTED . . . If the respondent files an answer that agrees with everything in your supplemental petition or an answer and waiver, and you have complied with mandatory disclosure and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must *305 notify the other party of the hearing by using a Notice of Hearing (General), Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
CONTESTED . . . If the respondent files an answer or an answer and counterpetition, which disagrees with or denies anything in your supplemental petition, and you are unable to settle the disputed issues, you should file a Notice for Trial, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of mediation before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an Answer to Counterpetition, Florida Supreme Court Approved Family Law Form 12.903(d).

Where can I look for more information?
Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms. The words that are in "bold underline" in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.

Special notes . . .
If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.
With this form, you must also file the following:
 Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).
 Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
 Settlement Agreement, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).
 Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
 Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition.)
 Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)
Final Judgment Form . . . These family law forms contain a Supplemental Final *306 Judgment Modifying Parental Responsibility/Visitation, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.
Nonlawyer . . . Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE _________________ JUDICIAL CIRCUIT,
 IN AND FOR _________________ COUNTY, FLORIDA
 Case No.: ________________
 Division: ________________
__________________________________,
 Petitioner,
 and
__________________________________,
 Respondent.
 SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION/AMENDMENT
 OF CUSTODY FOR CHILD(REN) OF CUSTODIAL PARENT ACTIVATED, DEPLOYED,
 OR TEMPORARILY ASSIGNED TO MILITARY SERVICE
 I, {full legal name} ______________________________, being sworn, certify that the
following information is true:
 1. The parties to the action, {names} _________________________, were granted a final judgment
 of [&check; one only] ( ) dissolution of marriage ( ) paternity on {date} _____________. A
 copy/copies of the final judgment or any modification(s) is/are attached.
 2. Paragraph(s) ____ of the [&check; one only] ( ) final judgment or ( ) most recent modification of
 it grants custody of the minor child(ren) of the parties, {name(s)} ________________________,
 to {name of custodial parent} ____________________.
 3. The custodial parent, {name} _____________________, is [&check; all that apply] ( ) activated
 ( ) deployed ( ) temporarily assigned to military service.
 4. The custodial parent, {name} _____________________, is temporarily unable to continue to
 be the custodial parent of the minor child(ren) of the parties during the period of time
 that the custodial parent is [&check; all that apply] ( ) activated ( ) deployed ( ) temporarily
 assigned to military service.
 5. I ask the court to temporarily modify/amend custody of the minor child(ren) during the
 period of time that the custodial parent, {name} ____________________, is [&check; all that
 apply] ( ) activated ( ) deployed ( ) temporarily assigned to military service as follows:
 {explain} _______________________________________________________________________
 __________________________________________________________________________________________
 __________________________________________________________________________________________
 6. This temporary modification/amendment is in the best interest of the child(ren) because
 {explain} ___________________________________________________________
 ______________________________________________________________________________
*307
 ______________________________________________________________________________
 ______________________________________________________________________________
 7. I ask that the court set the following temporary contact between {name of custodial
 parent} _______________________ and the minor child(ren) during the time that the custodial
 parent is [&check; all that apply] ( ) activated ( ) deployed ( ) temporarily assigned to
 military service:
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 ___________________________________________________________________________________
 8. If the requested modification/amendment is granted, Petitioner requests that child
 support be temporarily modified/amended, consistent with the temporary modification/amendment
 of custody. A Child Support Guidelines Worksheet, Florida Family Law
 Rules of Procedure Form 12.902(e) is, or will be, filed.
 9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure
 Form 12.902(b) or (c) is filed with this Petition.
 10. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)
 Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this
 petition.
 11. Other: ________________________________________________________________________________
 _______________________________________________________________________________________
 _______________________________________________________________________________________
 I understand that I am swearing or affirming under oath to the truthfulness of the
 claims made in this petition and that punishment for knowingly making a false
 statement includes fines and/or imprisonment.
Dated: ___________________________ _________________________________
 Signature of Petitioner
 Printed Name: ___________________
 Address: ________________________
 City, State, Zip: _______________
 Telephone Number: _______________
 Fax Number: _____________________
STATE OF FLORIDA
COUNTY OF _____________________
Sworn to or affirmed and signed before me on _____________________________ by
_____________________.
 _______________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 __________________________________________
 [Print, type or stamp commissioned name of
 notary or clerk]
_______ Personally known
_______ Produced identification
 Type of identification produced ______________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN
THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} _____________________________,
a nonlawyer, located at {street} ______________, {city} ______________, {state}
______________,
{phone} ______________, helped {name} __________________ who is the petitioner,
fill out this form.
*308 INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.913(c) AFFIDAVIT OF DILIGENT SEARCH

When should this form be used?
This form is to be used with Notice of Action, Florida Supreme Court Approved Family Law Form 12.913(a), to obtain constructive service (also called service by publication) on the legal father in any action or proceeding to determine paternity which may result in termination of the legal father's parental rights.
You must disclose the last known address of the legal father. A last known address cannot be unknown. This form includes a checklist of places you must look for information on the location of the legal father. You have to look in all of these places, and the court must believe that you have made a very serious effort to get information about the person's location and that you have followed up on any information you received.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or deputy clerk. You should file the original and a Notice of Action Florida Supreme Court Approved Family Law Form 12.913(a), with the clerk of the circuit court in the county where your petition for dissolution of marriage is filed. You should keep a copy for your records.

Where can I look for more information?
Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms. For further information, see rule 12.070, Florida Family Law Rules of Procedure, rule 1.070(e) and (f), Florida Rules of Civil Procedure, and section 409.257, Florida Statutes.

Special notes . . .
Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
 IN THE CIRCUIT COURT OF THE _______________________ JUDICIAL CIRCUIT,
 IN AND FOR _______________________ COUNTY, FLORIDA
 Case No.: _______________________
 Division: _______________________
 __________________________________,
 Petitioner,
 and
 __________________________________,
 Respondent.
 AFFIDAVIT OF DILIGENT SEARCH
I, {full legal name} ______________________________, being sworn, certify that the following
information is true:
1. The last known address of the child(ren)'s legal father {name} ______________________, as
 of {date} __________, was:
*309
 Address ____________________ City ______________ State __________ Zip _________
 Telephone No. ___________________ Fax No. _______________.
 His last known employment, as of {date} _____________, was:
 Name of Employer ______________________________________________________________
 Address ___________ City _________ State __________ Zip ______
 Telephone No. ____________________ Fax No. ___________________
2. The legal father is over the age of 18.
3. The legal father's current residence is not known and cannot be determined, although I
 have made a diligent search and inquiry to locate him through the following:
 You must search ALL of the following sources of information and state the results.
 United States Post Office inquiry through the Freedom of Information Act for the
 person's current address or any previous address.
 Result of search: ____________________________________________________
 Last known employment of the other parent, including name and address of employer.
 Result of search: ____________________________________________________
 Regulatory agencies, including professional or occupational licensing, in the area where
 the other parent last resided. Result of search: _____________________
 Names and addresses of relatives to the extent such can be reasonably obtained from
 the petitioner or other sources, contacts with those relatives and inquiry as to the other
 parent's last known address. You are to follow up any leads of any addresses where
 the other parent may have moved.
 Result of search: ____________________________________________________
 Information about the other parent's possible death and, if dead, the date and location.
 Result of search: ____________________________________________________
 Telephone listings in the area where the other parent last resided.
 Result of search: ____________________________________________________
 Law enforcement agencies in the area where the other parent last resided.
 Result of search: ____________________________________________________
 Highway Patrol records in the state where the other parent last resided.
 Result of search: ____________________________________________________
 Department of Corrections records in the state where the other parent last resided.
 Result of search: ____________________________________________________
 Hospitals in the last known area of the other parent's residence.
 Result of search: ____________________________________________________
 Records of utility companies, which include water, sewer, cable TV, and electric in the
 last known area of the other parent's residence.
 Result of search: ____________________________________________________
 Records of the Armed Forces of the U.S. and their response as to whether or not there
 is any information about the other parent. (See Florida Supreme Court Approved
 Family Law Form 12.912(a), Memorandum for Certificate of Military Service.)
 Result of search: ____________________________________________________
 Records of the tax assessor's and tax collector's office in the area where the other
 parent last resided. Result of search: _______________________________
 Search of one Internet databank locator service.
 Result of search: ____________________________________________________
 Title IV-D (child support enforcement) agency records in the state of the other parent's
 last known address. Result of search: ________________________________
I understand that I am swearing or affirming under oath to the truthfulness of the
claims made in this affidavit and that the punishment for knowingly making a false
statement includes fines and/or imprisonment.
*310
Dated: ____________________________ ____________________________________________
 Signature of Petitioner
 Printed Name: ______________________________
 Address: ___________________________________
 City, State, Zip: __________________________
 Telephone Number: __________________________
 Fax Number: ________________________________
STATE OF FLORIDA
COUNTY OF _____________________
Sworn to or affirmed and signed before me on ___________________________________ by
____________________.
 _____________________________________________
 NOTARY PUBLIC or DEPUTY CLERK
 ____________________________________________
 [Print, type, or stamp commissioned name of
 notary or deputy clerk.]
______ Personally known
______ Produced identification
 Type of identification produced ____________
IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN
THE BLANKS BELOW: [fill in all blanks]
I, {full legal name and trade name of nonlawyer} __________________________________
a nonlawyer, located at {street} ____________________________, {city} __________,
{state} ______________, {phone} _____________, helped {name} __________,
who is the petitioner, fill out this form.
NOTES
[1] An original and nine paper copies of all comments must be filed with the Court on or before September 10, 2007, with a certificate of service verifying that a copy has been served on the Committee Chair, Raymond T. McNeal, 2640 S.E. 45th Street, Ocala, FL 34480, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until October 1, 2007, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).